No. 7227.

THE STATE EX REL. T. H. WYNNE VS. ALLEN JUMEL, AUDITOR.

The Auditor of Public Accounts cannot legally draw a warrant upon moneys in the treasury unless and until such moneys have been appropriated by the Legislature to the purpose for which the warrant is to be drawn.

State ex rel. Wynne *vs.* Jumel.

If warrants have been illegally drawn upon an appropriation and have been paid, thereby reducing the fund to a sum insufficient to pay the relator's warrants, he can compel the Auditor by *mandamus* to pay only the residue of the fund.

The fact that these illegal warrants were drawn by the predecessor of the Auditor relieves the present incumbent, who is respondent, from responsibility or blame therefor.

But *quære*, if an Auditor shall have drawn illegal warrants upon a fund, thereby exhausting it, or so diminishing it as to prevent the payment of such warrants as are legally drawable upon it, is he not liable therefor?

APPEAL from the Third District Court of New Orleans.   MONROE, J.

*Childress* for Relator.   The Assistant Attorney-General for Respondent Appellant.

The relator holds vouchers for services as assistant sergeant-at-arms of the lower house of the Legislature for the session of 1872, amounting to $2,640, and prays this *mandamus* to compel the Auditor to warrant for them.   The appropriation was $75,000 to pay *per diem* and contingent expenses, all of which had been drawn except $21.60.   The Auditor filed a list of the warrants upon this appropriation that had been paid, and experts appointed by the lower court, reported that illegal warrants amounting to $3,339 upon that appropriation had been drawn and paid.

SPENCER, J.   If such be the fact, they were drawn by a former Auditor, for whose acts the respondent is not responsible.   If there was a misapplication of the fund by his predecessor, the case is not relieved of the difficulty that there is no fund, except $21.60 against which the present Auditor can draw.   The relator has shewn that taxes amounting to $7,555 belonging to the general fund of 1872, have recently been collected, and that there are uncollected taxes of that year of the same fund amounting to $293,000.   This does not help the relator if the Legislature has not appropriated them to the payment of his claims.   The Auditor's defence is not that there are no funds, but no appropriation of them.   Before the Auditor can draw upon the funds in the treasury, the Legislature must appropriate them to the purpose for which they are to be drawn.   The *mandamus* should not have been made peremptory except for $21.60.

*Judgment amended accordingly.*